Robinson, J.
 

 The parties will be referred to in the relation they stood in the trial court. Plaintiff, Roy Thackery, an infant, sustained a fracture of a bone of his leg. He employed the defendant, Mart L. Helfrich, a physician, to reduce the fracture and to treat him during the time and process of the healing of such fracture. The leg when healed was crooked and shortened. He brought suit against the physician in malpractice.
 

 The evidence tended to show that immediately after the defendant had reduced the fracture he was informed by another physician present that the two ends of the broken bone had slipped out of apposi
 
 *335
 
 tion; that defendant agreed to have the leg X-rayed within a short time, to determine whether the broken ends of the bone were in apposition; that he failed to have the leg X-rayed for several weeks, and, when he did have it X-rayed, it was discovered that the ends of the bone were overlapped and had united in that position, shortening the leg and otherwise impairing its usefulness; that thereupon the defendant advised the plaintiff to permit him to open the leg and chisel away the union and to reset the bone; that the plaintiff refused to permit such second operation.
 

 A verdict was returned for the plaintiff, and judgment was entered upon the verdict. The Court of Appeals upon error reversed the judgment, and in its journal entry stated that the judgment was reversed because “the verdict of the jury in favor of the plaintiff below is not sustained by sufficient evidence. ” Notwithstanding such journal entry and the fact that this court has consistently refused to review eases where a reversal is upon the weight of the evidence, this cause was ordered certified; not for the purpose, however, of reviewing the evidence, but for the purpose of obviating a repetition by the trial court, in the retrial of this cause, of an error of law announced by the Court of Appeals. While it may be that but for such error of law the judgment of the Court of Appeals would have been an affirmance, we do not and cannot determine that fact without weighing the evidence.
 

 The Court of Appeals, relying upon a paragraph of the opinion in the case of
 
 Bowers
 
 v.
 
 Santee,
 
 99 Ohio St., 361, at page 368, 124 N. E., 238, announced, in substance, that the refusal by the plaintiff to accept the offer of the defendant to perform a second
 
 *336
 
 operation, in an attempt to remedy the damage done by his alleged negligent performance and treatment of the first operation, constituted a defense to the action. Such is not the law. This court adheres to Rule VI of the Rules of Practice of the Supreme Court (see Volume 122, Ohio State Reports, lxviii), and announces the law only through the syllabi of eases and through
 
 per curiam
 
 opinions. Individual opinions speak the conclusions of their writer. "What useful purpose they serve is an open question.
 

 The judgment. will be affirmed solely because of the statement in the journal entry of the Court of Appeals that the judgment of the trial court is reversed upon the weight of the evidence.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.