CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK et al., Appellants, *v.* CITY OF NEW YORK et al., Respondents.

Submitted February 20, 1939; decided February 21, 1939.

*William C. Chanler,* Corporation Counsel (*William S. Gaud, Jr.,* of counsel), for motion.

*Jesse Knight, John H. Willenbrok, Kenneth N. LaVine, Robert C. Fulton, Jr., Edwin A. Berkery* and *Joseph H. Praetz* for Central Savings Bank in the City of New York et al., opposed.

*William I. Hart* and *Joseph R. Truesdale* for Dry Dock Savings Institution et al., opposed.

*Per Curiam.* In our opinion in this case we stated that under the statute property is " taken without due process of law (State Const. art. 1, § 6) and," etc. (279 N. Y. 266, 275). A statute repugnant to the due process clause of the State Constitution is repugnant also to the due process clause of the Fourteenth Amendment of the Constitution of the United States. The clauses are formulated in the same words and are intended for the protection of the same fundamental rights of the individual and there is, logically, no room for distinction in definition of the scope of the two clauses.

Decisions of the Supreme Court defining the scope of the due process clause *in the Federal Constitution* are binding upon every court and in every State. We did not by reference solely to the Constitution of the State intend to indicate that though we cannot give validity to a statute which is repugnant to the due process clause in the Federal Constitution we would give wider scope to the same clause in the State Constitution and hold invalid statutes not repugnant to the Federal Constitution as defined by the Supreme Court. No such question was presented or considered in this court. We gave to the decisions of the Supreme Court of the United States, defining the due process clause, the great weight which, in our opinion, they should have by reason of the prestige of the court and the strength of the reasoning even if technically we might have power to reject them in defining the same clause in the State Constitution. Our conclusion that the statute is repugnant to article 1, section 6, of the State Constitution followed necessarily from our determination that in accordance with a long line of decisions of the Supreme Court of the United States, the statute is repugnant to the Federal Constitution. (Cf. *Morehead* v. *Tipaldo*, 298 U. S. 587.) In order to correct any misapprehension that might arise under our opinion the motion for reargument is granted and upon such reargument the sentence above quoted is amended to read: " His property is thus taken without due process of law (U. S. Const. 14th Amend.; State Const. art. 1, § 6) and," etc.

The motion to amend the remittitur is granted to the extent of adding thereto the following:

" A question under the Federal Constitution was duly presented and necessarily passed upon by this court. The plaintiff contended that chapter 713 of the Laws of the State of New York of 1929, as amended, is repugnant to article 1, section 10 of the Constitution of the United States and to the Fourteenth Amendment of that Constitution. This court held that such law is repugnant to article 1, section 10 of the Constitution of the United States and to the Fourteenth Amendment of that Constitution."