## MINNESOTA v. NATIONAL TEA CO. ET AL.

No. 500. Argued March 7, 1940.—Decided March 25, 1940.

*Messrs. Matthias N. Orfield* and *George W. Markam,* with whom *Mr. J. A. A. Burnquist,* Attorney General of Minnesota, was on the brief, for petitioner.

*Mr. Michael J. Doherty,* with whom *Messrs. Wilfrid E. Rumble* and *William Mitchell* were on the brief, for respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

In 1933 Minnesota enacted a chain store tax (L. 1933, c. 213) one item of which was a tax on gross sales. § 2 (b). The gross sales tax was graduated: one-twentieth of one per cent was applied on that portion of gross sales not in excess of $100,000; and larger percentages were applied as the volume of gross sales increased, until one per cent was exacted on that portion of gross sales in excess of $1,000,000. Respondents (chain stores conducting retail businesses in Minnesota) paid under protest the gross sales tax demanded by the Minnesota Tax Commission for the years 1933 and 1934 and thereafter

sued in the state court for refunds.[1] Judgments granting refunds were affirmed by the Supreme Court of Minnesota, 205 Minn. 443; 286 N. W. 360. We granted certiorari because of the importance of the constitutional issues involved in *Stewart Dry Goods Co.* v. *Lewis,* 294 U. S. 550 and *Valentine* v. *Great Atlantic & Pacific Tea Co.,* 299 U. S. 32, which cases, it was asserted, controlled the decision below.

At the threshold of an inquiry into the applicability of the *Stewart* and *Valentine* cases to these facts, we are met with a question which is decisive of the present petition. That is the question of jurisdiction.

The Supreme Court of Minnesota discussed not only the equal protection clause of the Fourteenth Amendment of the federal constitution but also Art. 9, § 1 of the Minnesota constitution which provides: "Taxes shall be uniform upon the same class of subjects . . ." It said that "these provisions of the Federal and State Constitutions impose identical restrictions upon the legislative power of the state in respect to classification for purposes of taxation." [2] It stated that the "question is . . . whether the imposition of a graduated gross sales tax upon all those engaged in conducting chain stores is discriminatory as between such owners, thus violating the constitutional requirement of uniformity." It quoted the conclusion of the lower Minnesota court that the statute violated both the federal and the state constitution. It then adverted briefly to three of its former decisions which had

---

[1] Extra Sess. L. 1933–1934, c. 16, § 1. Respondents also paid under protest that portion of the chain store tax which was based upon the number of stores within the state. L. 1933, c. 213, § 2 (a). That item of the composite tax was upheld by the lower court in Minnesota from which no appeal was taken.

The gross sales feature of the 1933 chain store tax was eliminated in 1937. Extra Sess. L. 1937, c. 93.

[2] 205 Minn., p. 447. The court here cited *Reed* v. *Bjornson,* 191 Minn. 254; 253 N. W. 102.

interpreted Art. 9, § 1 of the Minnesota constitution and quoted from one of them.[3] It merely added: "So much for our own cases"; and proceeded at once to a discussion of cases based solely on the Fourteenth Amendment or the federal constitution. While its discussion of Art. 9, § 1 of the Minnesota constitution was in general terms, its analysis of the Fourteenth Amendment was specifically related to chain store taxation. It distinguished decisions of this Court which held that the number of stores in a given chain affords an appropriate basis for classification for imposition of progressively higher taxes.[4] It then stated that the "precise question here presented" had been directly passed upon adversely to the state's contention in five cases: *Stewart Dry Goods Co. v. Lewis,* *supra;* *Valentine* v. *Great Atlantic & Pacific Tea Co.,* *supra;* *Ed. Schuster & Co.* v. *Henry,* 218 Wis. 506; 261 N. W. 20; *Lane Drug Stores, Inc.* v. *Lee,* 11 F. Supp. 672; *Great Atlantic & Pacific Tea Co.* v. *Harvey,* 107 Vt. 215; 177 A. 423. It added that the tax here involved was on

---

[3] This reference to Minnesota constitutional law was limited to the following:

"Our cases hold (and that is the general rule) that the legislature 'has a wide discretion in classifying property for the purposes of taxation, but the classification must be based on differences which furnish a reasonable ground for making a distinction between the several classes. The differences must not be so wanting in substance that the classification results in permitting one to escape a burden imposed on another under substantially similar circumstances and conditions. The rule of uniformity, established by the Constitution, requires that all similarly situated shall be treated alike.' State *v.* Minnesota Farmers Mut. Ins. Co., 145 Minn. 231, 234, 176 N. W. 756, 757; State *ex rel.* Mudeking *v.* Parr, 109 Minn. 147, 152, 123 N. W. 408, 134 A. S. R. 759; In re Improvement of Third Street, 185 Minn. 170, 240 N. W. 355."

[4] *State Board of Tax Commissioners* v. *Jackson,* 283 U. S. 527; *Louis K. Liggett Co.* v. *Lee,* 288 U. S. 517; *Fox* v. *Standard Oil Co.,* 294 U. S. 87; *Great Atlantic & Pacific Tea Co.* v. *Grosjean,* 301 U. S. 412.

all fours with that struck down by this Court in *Stewart Dry Goods Co.* v. *Lewis, supra.* It quoted with approval from the opinion in *Ed. Schuster & Co.* v. *Henry, supra.* And it concluded with the following statement:

*"We think the five cases to which we have referred have so definitely and finally disposed of the legal prob- lem presented* as to make it needless for us to analyze or discuss the great number of other tax cases where the same constitutional question was involved. These being the only cases to which our attention has been called *directly deciding the question presented* we are of opinion that we should follow them and *that it is our duty so to do."* [5] [Italics added.]

Respondents contend that the court held the statute invalid for violation not only of the federal constitution but also of the state constitution. Hence they seek to invoke the familiar rule that where a judgment of a state court rests on two grounds, one involving a federal question and the other not, this Court will not take jurisdiction. *Fox Film Corp.* v. *Muller,* 296 U. S. 207; *Lynch* v. *New York ex rel. Pierson,* 293 U. S. 52; *New York City* v. *Central Savings Bank,* 306 U. S. 661. In support of this position they point to the court's discussion of the Minnesota constitution and to the fact that the syllabus states that such a tax is violative of both the federal and state constitutions. But as to the latter we are not referred to any Minnesota authority which, as in some states,[7] makes the syllabi the law of the case. And as to the former the opinion is quite inc onclusive. For the opinion as a whole leaves the impression that the court probably

---

[5] 205 Minn., p. 451.

. [6] By statute the court is required to prepare the syllabus. Mason's Minn. Stats. 1927, § 134.

. [7] See *State* v. *Hauser,* 101 Ohio St. 404, 407; 131 N. E. 66; *Hart* v. *Andrews,* 103 Ohio St. 218, 221; 132 N. E. 846; *Thackery* v. *Helfrich,* 123 Ohio St. 334, 336; 175 N. E. 449.

felt constrained to rule as it did because of the five decisions which it cited and which held such gross sales taxes unconstitutional by reason of the Fourteenth Amendment. That is at least the meaning, if the words used are taken literally. For if, as stated by the court, the "precise question here presented" was ruled by those five cases, that question was a federal one. And in that connection it is perhaps significant that the court stated not only that it "should follow" those decisions but that "it is our duty so to do."

Enough has been said to demonstrate that there is considerable uncertainty as to the precise grounds for the decision. That is sufficient reason for us to decline at this time to review the federal question asserted to be present, *Honeyman* v. *Hanan,* 300 U. S. 14, consistently with the policy of not passing upon questions of a constitutional nature which are not clearly necessary to a decision of the case.

But that does not mean that we should dismiss the petition. This Court has frequently held that in the exercise of its appellate jurisdiction it has the power not only to correct errors of law in the judgment under review but also to make such disposition of the case as justice requires. *State Tax Commission* v. *Van Cott,* 306 U. S. 511; *Patterson* v. *Alabama,* 294 U. S. 600. That principle has been applied to cases coming from state courts where supervening changes had occurred since entry of the judgment, where the record failed adequately to state the facts underlying a decision of the federal question, and where the grounds of the state decision were obscure. *Honeyman* v. *Hanan, supra,* and cases there cited. That principle was also applied in *State Tax Commission* v. *Van Cott, supra,* where it was said p. 514:

". . . if the state court did in fact intend alternatively to base its decision upon the state statute and upon an

immunity it thought granted by the Constitution as interpreted by this Court, these two grounds are so interwoven that we are unable to conclude that the judgment rests upon an independent interpretation of the state law."

The procedure in those cases was to vacate the judgment and to remand the cause for further proceedings, so that the federal question might be dissected out or the state and federal questions clearly separated.

In this type of case we deem it essential that this procedure be followed. It is possible that the state court employed the decisions under the federal constitution merely as persuasive authorities for its independent interpretation of the state constitution. If that were true, we would have no jurisdiction to review. *State Tax Commission* v. *Van Cott, supra.* On the other hand we cannot be content with a dismissal of the petition where there is strong indication, as here, that the federal constitution as judicially construed controlled the decision below.

If a state court merely said that the Fourteenth Amendment, as construed by this Court, is the "supreme law of the land" to which obedience must be given, our jurisdiction would seem to be inescapable. And that would follow though the state court might have given, if it had chosen, a different construction to an identical provision in the state constitution. But the Minnesota Supreme Court did not take such an unequivocal position. On the other hand, it did not declare its independence of the decisions of this Court, when the state constitutional provision avowedly had identity of scope with the relevant clause of the Fourteenth Amendment. In the latter respect this case differs from *New York City* v. *Central Savings Bank, supra.* The cases in which the New York Court of Appeals professes to go on both the state and federal due process clauses clearly rest upon an adequate nonfederal ground. For that court has

ruled that its own conception of due process governs, though the same phrase in the federal constitution may have been given different scope by decisions of this Court. See *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271, 317; 94 N. E. 431. The instant case therefore presents an intermediate situation to which an application of the procedure followed in *State Tax Commission* v. *Van Cott, supra,* is peculiarly appropriate.

It is important that this Court not indulge in needless dissertations on constitutional law. It is fundamental that state courts be left free and unfettered by us in interpreting their state constitutions. But it is equally important that ambiguous or obscure adjudications by state courts do not stand as barriers to a determination by this Court of the validity under the federal constitution of state action. Intelligent exercise of our appellate powers compels us to ask for the elimination of the obscurities and ambiguities from the opinions in such cases. Only then can we ascertain whether or not our jurisdiction to review should be invoked. Only by that procedure can the responsibility for striking down or upholding state legislation be fairly placed. For no other course assures that important federal issues, such as have been argued here, will reach this Court for adjudication; that state courts will not be the final arbiters of important issues under the federal constitution; and that we will not encroach on the constitutional jurisdiction of the states. This is not a mere technical rule nor a rule for our convenience. It touches the division of authority between state courts and this Court and is of equal importance to each. Only by such explicitness can the highest courts of the states and this Court keep within the bounds of their respective jurisdictions.

For these reasons we vacate the judgment of the Supreme Court of Minnesota and remand the cause to that court for further proceedings.

*Judgment vacated.*
[Over.]

558

Mr. Justice McReynolds took no part in the decision of this case.

Mr. Chief Justice Hughes, dissenting:

I think that sound principle governing the exercise of our jurisdiction requires the dismissal of the writ. I see no reason to doubt that the Supreme Court of Minnesota held that the tax in question was laid in violation of the uniformity clause of the State Constitution. Not only is that shown, as it seems to me, from the court's discussion of that question, but it conclusively appears from the syllabus which definitely states that the tax is "violative of art. 9, § 1, of our state constitution." 205 Minn. 443; 286 N. W. 360. Minnesota requires that in all cases decided by the Supreme Court it shall give its decision in writing, "together with headnotes, briefly stating the points decided." Mason's Minn. Stat., § 134. In obedience to the statute, the court has thus given explicitly in its syllabus its own deliberate construction of what it has decided.

The decision thus rested upon an adequate non-federal ground and in accordance with long-established doctrine we are without jurisdiction. *Fox Film Corp.* v. *Muller,* 296 U. S. 207, 210.

This is not a case where the record leaves us in uncertainty as to what has actually been determined by the state court. *Honeyman* v. *Hanan,* 300 U. S. 14, 23, 26; *State Tax Commission* v. *Van Cott,* 306 U. S. 511. Nor have there been supervening changes since the entry of the judgment. *Gulf, C. & S. F. Ry. Co.* v. *Dennis,* 224 U. S. 503, 507; *Patterson* v. *Alabama,* 294 U. S. 600, 607. I find no warrant for vacating the judgment on either of these grounds.

The fact that provisions of the state and federal constitutions may be similar or even identical does not justify us in disturbing a judgment of a state court which ade-

quately rests upon its application of the provision of its own constitution. That the state court may be influenced by the reasoning of our opinions makes no difference. The state court may be persuaded by majority opinions in this Court or it may prefer the reasoning of dissenting judges, but the judgment of the state court upon the application of its own constitution remains a judgment which we are without jurisdiction to review. Whether in this case we thought that the state tax was repugnant to the federal constitution or consistent with it, the judgment of the state court that the tax violated the state constitution would still stand. It cannot be supposed that the Supreme Court of Minnesota is not fully conscious of its independent authority to construe the constitution of the State, whatever reasons it may adduce in so doing. As the Minnesota court said in *Reed* v. *Bjornson,* 191 Minn. 254, 257; 253 N. W. 102, 104, after referring to the question presented under the federal constitution, "Our interpretation of our own constitution is of course final."

The disposition of this case is directly within our recent and unanimous ruling in *New York City* v. *Central Savings Bank,* 306 U. S. 661. In that case, the Court of Appeals of New York had decided that a state statute was repugnant to the due process clause of the state constitution, that clause being the same as the due process clause of the Fourteenth Amendment which the court held had also been violated. 280 N. Y. 9, 10; 19 N. E. 2d 659. We declined jurisdiction upon the ground that the judgment of the state court in applying the state constitution rested upon an adequate non-federal ground, despite the reliance upon our decisions.

MR. JUSTICE STONE and MR. JUSTICE ROBERTS join in this opinion.