BENTON, Judge, concurring.
I agree with the majority opinion that the Supreme Court of Virginia has ruled that the Fifth Amendment to the Constitution of the United States and Article I, Section 8 of the Constitution of Virginia may be “consider[ed] ... to be identical in their application” in certain cases. Walton v. City of Roanoke, 204 Va. 678, 682, 133 S.E.2d 315, 318 (1963). See also Flanary v. Commonwealth, 113 Va. 775, 779, 75 S.E. 289, 291 (1912) (stating that the Fifth Amendment “is, in effect, identical” to Article I, Section 8 of the Constitution of Virginia). However, because the issue before this Court is solely the protection afforded by Article I, Section 8 of the Constitu *501 tion of Virginia, I would decide this case independent of federal cases.
“It is fundamental that state courts [are] ... free and unfettered [by federal law] ... in interpreting their state constitutions.” Minnesota v. National Tea Co., 309 U.S. 551, 557, 60 S.Ct. 676, 679, 84 L.Ed. 920 (1940). However, a state court must provide a plain statement that it is relying on independent and adequate state law and that federal cases are being used for purposes of guidance only and do not themselves compel the result reached. The appropriate role of relevant federal case law must be clearly noted in the opinion. See Michigan v. Long, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469, 3476-77, 77 L.Ed.2d 1201 (1983) (presuming that a state court opinion not explicitly announcing reliance on state law rests on reviewable federal law). See also Collier v. City of Tacoma, 121 Wash.2d 737, 854 P.2d 1046, 1050 (1993) (stating that the federal cases cited in the decision “are used for the purpose of guidance and do not themselves compel the result the court reaches under our state constitution”). Accord Cooper v. State, 889 P.2d 293, 308 (Okla.Crim.App.1995); Immuno AG. v. Moor-Jankowski 77 N.Y.2d 235, 566 N.Y.S.2d 906, 914, 567 N.E.2d 1270, 1278 (1991); State v. Carter, 322 N.C. 709, 370 S.E.2d 553, 555 (1988); Kenyon v. Hammer, 142 Ariz. 69, 71, 688 P.2d 961, 963 (1984).[10] Because the federal cases do not *502 compel under state law the result that the majority opinion reaches, I would clearly state that those cases are used only for the purpose of guidance.
The principle is ancient in Virginia that Article I, Section 8 of the Constitution of Virginia guarantees a person the right to silence and to invoke the right against self-incrimination whenever that person is the subject of suspicion or investigation. See Cullen v. Commonwealth, 65 Va. 624 (1873). The right is self-executing, see art. I, § 8, and does not depend upon whether circumstances of custodial interrogation exist. A person’s silence in response to police questioning is emphatic indication of the person’s invocation of the right to remain silent. Moreover, prohibition of the substantive use of prearrest silence will tend to discourage the possibility that police will manipulate the timing of an arrest to secure evidence that a person stood mute in the face of a police officer’s accusation.
In short, using adequate and independent state grounds, I would rule, as does the majority, as follows:
[W]e find that the government’s interest in using the appellant’s pre-arrest silence in response to a police officer’s question as substantive evidence of a tacit admission is substantially outweighed by the burden which such practice imposes on the privilege against self-incrimination. Accordingly, we hold that the Commonwealth’s substantive *503 use of the appellant’s silence impermissibly burdened the appellant’s exercise of his privilege against compelled self-incrimination under Article I, Section 8 of the Virginia Constitution and that the trial court erred by admitting the evidence.
Thus, although I concur in the majority’s holding and most of its analysis of the weighing of the government’s interest against the burden that is imposed on the policies underlying the privilege guaranteed by Article I, Section 8 of the Constitution of Virginia, I would not rely on federal law to control the analysis.

. Other state courts have elaborated on the reasons for independently interpreting their own state constitutions without relying on the federal interpretation of similar federal provisions. In State v. Breit, 122 N.M. 655, 664-65, 930 P.2d 792, 801-02 (1996), the New Mexico Supreme Court stated:
[A]s a general principle, we need not, in interpreting the provisions of our State Constitution, adopt the standard that is applicable to the comparable federal provision____ We are bound by the decisions of the United States Supreme Court with regard to interpretation of the federal constitution. Moreover, the decisions of that Court greatly influence our own interpretation of those provisions in our State Constitution that correspond to federal provisions. But, ... when this Court derives an interpretation of New Mexico law from a federal opinion, our decision remains the law of New Mexico even if federal doctrine should later change. When citing to federal case law, we do so because we find persuasive the views expressed therein, and because we recognize the value of uniformity in advancement of *502 application of the rights guaranteed by both our state and federal constitutions. But we are not bound to interpret our State's Constitution or laws in accordance with federal doctrine.
(Citations omitted). Likewise, in Commonwealth v. Rosenfelt, 443 Pa.Super. 616, 662 A.2d 1131, 1140 (1995), the Pennsylvania Superior Court stated:
"Although the wording of the Pennsylvania Constitution is similar in language to the Fourth Amendment of the United States Constitution, we are not bound to interpret the two provisions as if they were mirror images, even where the text is similar or identical.” Furthermore, "[a]s an independent sovereign interpreting its own constitution, which preceded the Federal Bill of Rights, no presumptive validity should be given to United States Supreme Court interpretations of the Federal Constitution.” At best, such interpretations of Federal Constitutional law have only persuasive value.
(Citations omitted).