DANIEL J. JENNINGS and Another, Respondents, *v.* JESSIE BAU-
MANN and Another, as Executors, etc., of MARY BAUMANN,
Deceased, Appellants.

Second Department, October 30, 1925.

**Vendor and purchaser — action by purchaser for specific performance of
land contract — contract to purchase land in New York city free of all
incumbrances — encroachment on street by bay window, cornices, and
by fence, stoop and cellar steps makes title unmarketable — whether
city owns fee of street or has easement only, is not important.**

A purchaser in a land contract, in an action for specific performance which cannot
be decreed because of a change in conditions, is entitled to recover damages from
the vendor, where it appears that the contract was for the sale of land in New
York city free of all incumbrances, and that there was an encroachment on the
street by the overhang of a bay window, cornices and trims, and by a fence, a
stone stoop and cellar steps, for, while the city may have permitted them to
exist, it may, on the other hand, at any time require their removal.

It is immaterial whether or not the city owned the fee of the street or had an ease-
ment therein only, for the street in question had been used and maintained as a
public thoroughfare since 1850.

KAPPER, J., dissents.

APPEAL by the defendants, Jessie Baumann and another, as
executors, from a judgment of the Supreme Court in favor of the
plaintiffs, entered in the office of the clerk of the county of Kings
on the 9th day of April, 1924, upon the decision of the court
rendered after a trial at the Kings Special Term.

*Lynn C. Norris* [*Edward M. Perry* with him on the brief], for
the appellants.

*Henry Booth Moore* [*Frank Harvey Field* with him on the brief],
for the respondents.

Judgment affirmed, with costs, on the opinion of Mr. Justice
LEWIS at Special Term. Leave will be granted to appeal to the
Court of Appeals if appellants desire to take such appeal.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur; KAPPER,
J., dissents upon the ground that the encroachment complained of
is not of such substantial character as to constitute a defect of title,
and upon the further ground that the maintenance of the property
in its present condition has been acquiesced in by the municipal
authorities.

The following is the opinion of the Special Term:

LEWIS, J.:

This action was brought for specific performance arising out of a contract for the sale of real estate, the plaintiffs having contracted to purchase the premises from the defendants' testator free from all incumbrances, with the exception of a mortgage. It appearing upon the trial that specific performance could not be decreed, it was stipulated that the claim for specific performance be waived and the court render a money judgment in the event that the findings supported plaintiffs' claim. The only question involved is whether certain encroachments render the title unmarketable. The complaint alleges and the answer admits that there are certain projections of the structure beyond the building line: (1) An encroachment of four feet nine inches by the fence on the street; (2) an encroachment of five feet by the stone stoop of said premises on the street; (3) an encroachment of one foot ten inches by the cellar steps on the street, and (4) a projection of one foot nine inches over the street line of the bay window cornice of said premises, and projections over the street line of two, four, five and six inches, variously, of the bay window trim of said premises. With reference to the projection of the bay window cornice and other projections mentioned in subdivision 4 the case of *Acme Realty Co.* v. *Schinasi* (215 N. Y. 495) is decisive. It is claimed, however, with reference to the encroachments mentioned in subdivisions 1, 2 and 3, that they do not wholly exclude the public from the use of that portion of the street continuing upon which they are located and that the public continued to have a qualified but nevertheless substantial use of that portion of the street which was included within the court yards, and that the encroachments are there pursuant to ordinances which were authorized by the common council of the former city of Brooklyn and continued by the Greater New York charter. The building of the premises in question was started in 1904 and completed in 1905, prior to which time, and in 1897, section 50 of the charter\* was enacted, providing: " All general ordinances relating to authorized structures, encroachments or obstructions in or upon the streets or sidewalks by persons other than the authorities of The City of New York, or other public authorities, shall fix a definite license fee for every such authorized structure, encroachment or obstruction, according to the character, extent and duration thereof, and shall provide for the issuing of revocable licenses therefor \* \* \*." It is not claimed that the obstructions were authorized by the provisions of the charter. The encroachments are of substantial character and, as was said

---

\* See Laws of 1901, chap. 466, § 50, as amd. by Laws of 1905, chap. 629, and Laws of 1916, chap. 592. See, also, Laws of 1897, chap. 378, § 49, subd. 3.— [REP.

by the court in *Acme Realty Co.* v. *Schinasi (supra)*, "may not be public nuisances so long as they are sanctioned by the permissive ordinance and the permit of the building department, but they may be converted into such nuisances at any moment when the municipal authorities exercise the power to direct their removal." It is urged that the land in the street has not been condemned and that, therefore, the rights or easements which the city of Brooklyn acquired were subject to the rights of adjoining owners to erect buildings with stoops and fences. Whether the city owned the fee or had only an easement in the street seems unimportant, for the street had been used and maintained as a public thoroughfare since 1850. The city, therefore, having an easement for public use could not grant, nor could the property owner acquire any right in the street which would interfere with such public use. Judgment is directed for the plaintiffs in the sum of $1,246.65.