Louis J. Dukas, Appellant, *v.* John Tolmach et al.,
Respondents.

First Department, June 26, 1956.

*Mortimer G. Levine* of counsel (*Louis J. Dukas,* in person, with him on the brief), for Louis J. Dukas, appellant.

*Samuel R. Buxbaum* of counsel (*Gerald Paradise* with him on the brief), for respondents.

RABIN, J. Plaintiff, claiming that defendants' title is unmarketable, sues to recover the amount of the deposit paid by him on a contract for the purchase of a residential property from defendants. Reimbursement for plaintiff's expenses is also demanded.

The claim of unmarketability is based upon the following:

1. A stone retaining wall, lawn and plantings alleged to encroach (from 2¾ inches to 16 feet 2¾ inches) on a city owned street.

2. Another stone retaining wall alleged to encroach on the street to the extent of 17 feet 1½ inches.

3. An access ramp or driveway alleged to encroach about 17 feet on the street.

4. A stairway, consisting of stone and masonry steps, walls and landings providing ingress and egress to the property, alleged to encroach more than 17 feet on the city street.

The property was sold by a metes and bounds description. All of the alleged encroachments are outside of the metes and bounds and no part of the building itself encroaches upon city property. The proof shows quite clearly however that all of these claimed encroachments including the retaining walls, the driveway and the stairway all emanate from the parcel sold and appear as an integral part thereof. Defendants take the position that since they did not sell plaintiff any of the land on which these encroachments lie they are in a position to convey good title in accordance with the contract — that is by the metes and bounds description.

The question posed therefore is whether under these facts (the so-called encroachments being clearly established by the evidence) defendants' title is marketable. We think it is not. A purchaser may not be compelled to accept a title which will subject him to a lawsuit or which will require him to expend substantial sums of money in order to comply with the law (*Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *Jennings* v. *Baumann,* 214 App. Div. 361, affd. 243 N. Y. 532).

There would seem to be little doubt that the city authorities can compel removal of any or all of these encroachments. Section 82d6–6.0 of the Administrative Code of the City of New York provides: '' The president of the borough having jurisdiction may serve written notice upon the owner of any premises requiring such owner to remove or alter any unauthorized projection, encroachment or incumbrance, on or *in front* of his premises, within a period to be specified in such notice.'' (Emphasis added.)

Thus if the purchaser were to accept the property as tendered he would then have a parcel which carries with it a burden — the burden of removing the abutting encroachments at the city's request. Nor can it be said that the title is marketable because the city has not, and may not in the immediate future demand the removal of the encroachments (*Acme Realty Co.* v. *Schinasi, supra*). The purchaser did not contract for a title thus burdened. If a vendor wishes to convey subject to an incumbrance affecting title — even though the incumbrance be contained in a deed of record — the contract must provide that the property is sold subject thereto. So too, any encroachment, whether within or without the record lines, should be excepted in the contract if such encroachment would constitute a burden on the property. Particularly is that so, where as here, the owner can be compelled at considerable expense to remove the encroachments.

Just as the retaining walls and driveway emanating from the property encroach upon the city street, so also do the steps leading from the higher grade of the property to the lower street grade constitute an encroachment (*Jennings* v. *Baumann, supra*). The stairway or steps clearly do not come within the '' stoops '' exception listed in the contract. They are wholly detached from the building. The exception in the contract obviously refers to parts of the building itself.

Despite the testimony of defendants' witness that it would only cost about $930 to make the changes which would be required if the city were to compel removal of the encroachments, it seems clear that it would cost a much larger sum. Plaintiff's witness estimated it at $11,000. While that figure may be exaggerated it is nevertheless obvious from a view of the encroachments as they appear in the photograph that a very substantial sum as compared to the purchase price would be required. The removal of the retaining walls with some adequate substitute for support of the adjoining land, the removal of the paved driveway and consequent lowering of the

garage, the removal of the stairway and replacement, would unquestionably involve a considerable expenditure. We conclude that defendants' title is unmarketable.

An additional reason given by the purchaser for the rejection of title was that the title company refused to insure without listing these encroachments as exceptions. The contract provides that: " The seller shall give and the purchaser shall accept a title such as          will approve and insure." While the name of the title company to which this title was to be submitted was left blank it was clearly contemplated by the parties that title to be given would be a title that would be insurable as per the contract with only such exceptions as were referred to in the contract. Defendants conceded that Lawyers Mortgage and Title Company was selected by the plaintiff with their *approval* and recommendation. In the light of this admission plaintiff had the right to a title that the Lawyers Mortgage and Title Company would insure and defendants should not be permitted to make capital of the fact that the name of the title company was omitted. When the parties have agreed that the title must be one that a title company will insure, refusal by the title company to insure is a good ground for rejection (*New York Investors* v. *Manhattan Beach Bathing Parks Corp.,* 256 N. Y. 162). We believe that on the facts of this case the purchaser had the clear right to reject title as unmarketable.

Plaintiff is also entitled to recover the amount expended in connection with the title search. We do not believe however that the court abused its discretion in refusing to assess costs against the defendants for failure to admit certain of the items which the plaintiff sought to have admitted pursuant to section 322 of the Civil Practice Act. It acted properly in so doing. It was more than an admission of provable facts sought by the plaintiff. The requested admission called for concessions not only of facts but of conclusions.

The judgment appealed from should be reversed on the law and the facts, with costs, and judgment should be directed to be entered in favor of the plaintiff on the first cause of action for $2,500 and on the second cause of action for $183.50.

PECK, P. J., BREITEL, BOTEIN and Cox, JJ., concur.

Judgment unanimously reversed, with costs, and judgment is directed to be entered in favor of the plaintiff on the first cause of action for $2,500 and on the second cause of action for $183.50. Settle order on notice. Order unanimously affirmed.