Walter R. Hart, J.
Plaintiff herein sues to impress a vendee’s lien. Defendants counterclaim for specific performance. Both sides presently move for summary judgment.
The affidavit submitted on behalf of plaintiff asserts various objections to title, violations and misrepresentations. The prime question presented is the issue with respect to the written representation contained in the contract that “ Seller represents that 1882 Fulton Street is legal for occupancy by 4 apartments and 2 stores.” The report of the Building Department, annexed to the moving papers, discloses that the legal occupancy for the subject premises is for 6 apartments and 2 stores. It is conceded by defendants that the legal use of that portion of the premises in the rear of the stores was originally for residential purposes but is now used for business purposes. One store is occupied from front to rear as a cleaning store and there is no apartment any longer in the rear of the store. The other store is a candy store, the rear of which is not used for residential purposes but is exclusively used for storage of supplies and merchandise.
It is the contention of defendants that plaintiff has not established a misrepresentation as a basis for rescinding the contract since they are giving him more than they had agreed, that is, that plaintiff will have available 6 apartments instead of 4. Plaintiff, however, urges that the premises are illegally occupied by reason of the unlawful extension to business use of the residential space; that upon taking the title the Building Department can compel him to take measures to restore the premises to its legal occupancy by directing the discontinuance of the use of the rear of the stores for business purposes or to take certain measures to make the present occupancy legal. Plaintiff’s reasoning is correct. The premises are presently illegally occupied in violation of section C 26-185.0 of the Administrative Code of the City of New York, which provides: “ Change of *908 occupancy. It shall be unlawful to make any changes of occupancy or use of any structure if such change is inconsistent with the last issued certificate of occupancy. It shall be unlawful to make any change of occupancy in a structure, existing on January first, nineteen hundred thirty-eight, which would bring it under some special provision of the laws governing building construction, unless a certificate is issued by the superintendent certifying that such structure conforms to the provisions of the laws governing building construction for the proposed new occupancy and use and that the proposed use will not be in conflict with any provisions of the labor law, multiple dwelling law or the building zone resolution.”
Plaintiff’s refusal to close title is therefore justified. As was stated by the court in Dukas v. Tolmach (2 A D 2d 57, 58): “A purchaser may not be compelled to accept a title which will subject him to a lawsuit or which will require him to expend substantial sums of money in order to comply with the law (Acme Realty Co. v. Schinasi, 215 N. Y. 495; Jennings v. Baumann, 214 App. Div. 361, affd. 243 N. Y. 532).”
In Kaloumenos v. Bottaccio (67 N. Y. S. 2d 527, affd. 273 App. Div. 907) the vendor (defendant) entered into a contract for the sale of premises which were at the time occupied by three families, the owner having illegally converted it from a two-family dwelling. The contract contained no representation that the premises was a three-family house. The court there found for the vendee upon the authority of Hammer v. Michale (243 N. Y. 445), a similar case, and stated as follows (p. 530): “ ‘ Assuming that the plaintiff did not by his written contract agree to sell a three-family house * * * that at the time of closing there was no tenement house violation filed against the building, yet the court was not justified, in view of all the circumstances and its findings, in decreeing specific performance.’ This result was concurred in by Judges Cardozo, Pound and Lehman upon the ground that enforcement of the contract ‘ would be oppressive and inequitable by reason of the defendant’s excusable mistake as to the character of the building.’ ”
The Hammer case stands for the proposition that (p. 447): “ the law does not ignore or shut its eyes to the physical conditions existing at the time of contract. What the defendant [vendee] saw through the plaintiff’s representations the law sees. [Citing cases.] ”
As appears from the foregoing, the circumstance that no violation has been filed against the premises is of no moment since it may be filed after title passes and plaintiff would be burdened with an expense of restoring the premises to legal *909 occupancy occasioned by the misrepresentation and illegal use. He therefore should be relieved of the duty of consummating the closing of title.
The plaintiff, however, is entitled to recover only the amount paid on account of the purchase price and the net cost of examining the title, together with interest and costs. The contract fixes this as the limit of the liability of defendants in the event they were unable to convey title in accordance with the terms thereof.
The answer of defendants is stricken and their cross motion for summary judgment is denied.
Settle order on notice.