Henry Epstein, J.
Plaintiff here sues to recover the down payment on the purchase of real property ($6,000) and to establish a vendee’s lien in said sum plus $50 for a title search.. Defendant counterclaims for breach of contract by plaintiff to purchase said property and damages in the sum of $21,025.84, the difference between the price agreed to by plaintiff and the ultimate receipt on resale. The overwhelming weight of the believable evidence supports defendant’s case. Plaintiff agreed by written contract on May 15,1958 to buy 329 West 101st Street, a rooming house. Title closing was set for July 21,1958. Rubin was allowed to bring in his own superintendent and to manage the property from early June until ultimate closing date August 5,1958. $6,000 was paid on execution of the contract and $52,500 was payable by cash or certified check on the closing date. The balance was to be accounted for in mortgages (first, second and third) —Total price $248,500. The sale was subject to: “ existing tenancies ”, no represenation as to physical condition or income; “ Purchaser has examined” the premises and accepts “ as is ”. A 30-day period is offered seller to cure defects in title, etc., “ 36. Seller agrees to remove residence of superintendent to the basement and to make the basement unit habitable ”. This was at the express request of the plaintiff purchaser. When Rubin on July 19, 1958 was apparently unhappy with his 11 blind ” purchase (plaintiff’s version) defendant offered to return the deposit, but plaintiff refused and and expected to complete the deal. Meantime he apparently became interested in other properties and sought to escape this contract with defendant. At the adjourned closing date plaintiff appeared with his attorney but concededly had no more than $16,700, of which $300 was in cash and $10,000 in the form of a check on a St. Louis bank and not certified. The contract called for $52,500 to be available on that date. Plaintiff was undoubtedly in default and was unable to consummate his agreement of purchase. Defendant tendered the deed prepared in accordance with plaintiff’s express instructions and offered to conform mortgages to plaintiff’s wishes. Plaintiff and his *887 attorney walked out and on the very next day (Aug. 6, 1958) plaintiff verified the complaint in this action. Plaintiff was an experienced rooming house operator. He did not impress the court as one whose testimony was credible. He fitted his story to what he thought was the best means of escaping his contract obligations.
Plaintiff’s counsel sought to bolster his client’s case by testimony which cannot be given weight by this court. The facts herein are widely different from Stern v. Karlson (16 Misc 2d 906). Plaintiff’s counsel’s testimony is of doubtful credibility and the practice of seeking to 11 swear in” one’s own client’s case does not lend itself to court approval. Purchasers of real estate cannot be permitted to treat contracts in such cavalier fashion. Plaintiff Eubin had apparently studied law abroad and was a member of the Bar in some other country. His general aversion to clear statements and to recalling his own actions are of a piece with his attempt to escape his contractual obligation.
The cases are legion in support of defendant’s counterclaim and to defeat plaintiff’s case. (Lawrence v. Miller, 86 N. Y. 131; 1 Clark, New York Law of Damages, p. 368; Hayden v. Pinchot, 172 App, Div. 102.) Plaintiff failed completely to meet the standards laid down for him to recover his initial payment. (Becker v. Lorello, 243 App. Div. 862.) Shortly after plaintiff’s breach defendant sold the property for $227,474.16. The damages established total $21,025.84. From this should be subtracted the down payment of $6,000 to which defendant is entitled, making defendant’s net recovery $15,025.84. Judgment in latter figure is awarded to defendant, with interest from August 5,1958. Findings and conclusions having been dispensed with by stipulation, the foregoing constitutes the decision of this court.
Submit judgment. Exhibits returned to clerk of Special and Trial Term, Part XIY.