John J. Radel, Respondent, *v.* One Hundred Thirty-four West Twenty-fifth Street Building Corporation, Appellant.

First Department, February 3, 1928.

**Vendor and purchaser — action by purchaser for specific performance with abatement of purchase price because of fraudulent representations as to rentals — no allegation of scienter — plaintiff not entitled to abatement — fact that plaintiff has conveyed property to defendant as part consideration for defendant's property does not change legal situation.**

The plaintiff, who agreed to purchase property from the defendant, has brought this action to compel specific performance and for an abatement of the purchase price on the ground that the defendant misrepresented the amount of rentals received from the premises. The complaint does not contain any allegations of scienter or of reliance by the plaintiff on the alleged false representations which are essential to a recovery of damages. Therefore, the plaintiff is not entitled to an abatement on the purchase price, for he cannot accomplish in equity by indirection what he could not accomplish in an action at law.

The fact that the plaintiff has conveyed property in exchange for the property purchased, does not alter the legal situation. In reference to that property, the plaintiff may demand a reconveyance to himself as on a rescission, or, if that is impossible, may have a vendee's lien for the value of the property conveyed by him upon the property of the defendant.

O'Malley, J., dissents, with memorandum.

Appeal by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 20th day of July, 1927.

*Russel H. Kittel,* for the appellant.

*David W. Kahn,* for the respondent.

Proskauer, J. The complaint sustained below alleges that defendant agreed to sell and plaintiff to buy certain described real estate; that at the time of the signing of the contract the defendant represented that the rentals of the described premises were a stated amount; that these representations were " incorrect; " that the plaintiff had pursuant to the contract conveyed to the defendant certain real estate in New Jersey as part of the consideration for the purchase of defendant's property. The prayer for relief is that specific performance be decreed with an abatement in the purchase price in the proportion " that the actual rental value of said premises is less than the rental value represented to the plaintiff and set forth in the contract." There are no allegations of scienter or of reliance by the plaintiff upon the alleged false representations.

We do not believe that the doctrine of specific performance with

abatement should be extended to cover defects other than deficiencies in title or in the area of the land to be conveyed.   (See 40 Harv. Law Rev. 476, 478.)   In *Rutherford* v. *Acton-Adams* (L. R. [1915] A. C. 866, 870) Viscount HALDANE said that the purchaser " may elec⸍ to take all he can get, and to have a proportionate abatement from the purchase-money.   But this right applies only to a deficiency in the subject-matter described in the contract.   It does not apply to a claim to make good a representation about that subject-matter made not in the contract but collaterally to it.   In the latter case the remedy is rescission, or a claim for damages for deceit where there has been fraud, or for breach of a collateral contract if there has been such a contract."

In effect the plaintiff here, by way of diminution of price, seeks damages for false representations, which he could not get in an action at law, since he has failed to allege scienter and reliance. Without scienter he could at most secure rescission.   He cannot accomplish in equity by indirection what he could not accomplish in an action at law.   Nor does the circumstance that he has already conveyed his own land to the defendant change the legal situation. If he requires and is entitled to equitable relief in respect to this conveyance, his remedy would be either to demand a reconveyance to himself as on a rescission, or, if that were impossible, to declare a vendee's lien for the value of the property conveyed by him upon the property of the defendant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint upon payment of said costs.

DOWLING, P. J., MERRELL and MARTIN, JJ., concur; O'MALLEY, J., dissents.

O'MALLEY, J. (dissenting).   I dissent and vote for affirmance. We are here concerned with a question of pleading merely and not with the matter of ultimate relief.   The English authority cited in the prevailing opinion is readily distinguishable.   Here the representation was not collateral to, but a part of the contract.   Under present-day conditions when the value of property, particularly when bought for investment purposes, is based largely upon its income-producing power, equity should assume jurisdiction and decree specific performance with abatement in the circumstances here disclosed.   (3 Williston Cont. § 1436; Pom. Spec. Perf. [3d ed. 1926] §§ 436, 441.)   Moreover, the action being by a vendee rather than a vendor, equity is more liberal in the exercise of its jurisdiction.   (*Waters* v. *Travis*, 9 Johns. 450, 464, 465.)

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.