HORBY REALTY CORPORATION, Appellant, *v.* YARMOUTH LAND CORPORATION, Respondent.

First Department, May 17, 1946.

*Philip Steinman* for appellant.

*Jerome L. Kerbeck* of counsel (*Louis Dean Speir* with him on the brief; *Speir* and *Kerbeck,* attorneys), for respondent.

*Per Curiam.* Parol evidence is admissible to explain the meaning which custom or usage has given to words or terms as used in any particular trade or business or in any particular locality. (*Newhall* v. *Appleton,* 114 N. Y. 140, 144; *Gumbinsky Bros. Co.* v. *Smalley,* 203 App. Div. 661, 667, affd. 235 N. Y. 619; *Lipson* v. *Bradford Dyeing Assn.,* 266 App. Div. 595, 597; 3 Williston on Contracts [Rev. ed.], § 650; 1 Greenleaf on Evidence [16th ed.], § 295.) Whether the term " existing violations ", as employed in the case at bar, has by custom and usage acquired a special meaning presents a fact question which cannot be disposed of upon affidavits. The issues presented must be decided upon a trial.

The order, insofar as it grants defendant's motion for summary judgment, and the judgment entered thereon should be reversed, with costs to the appellant and defendant's motion denied. Insofar as the order denies plaintiff's cross motion for summary judgment it should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON, DORE and COHN, JJ., concur.

Judgment, and order insofar as it grants defendant's motion for summary judgment, unanimously reversed, with costs to the appellant and defendant's motion denied. Order insofar as it denies plaintiff's cross motion for summary judgment unanimously affirmed.