APHRODITE KALOUMENOS, Appellant-Respondent, v. GUISEPPE BOTTACCIO, Respondent-Appellant.— In an action for specific performance of a contract for the sale of real property, judgment in favor of plaintiff-vendee affirmed, without costs. On the trial at Special Term the court decided that neither party was entitled to specific performance but directed that judgment be entered in favor of plaintiff for the return of moneys deposited under the contract, with interest from the date of payment thereof, together with the expense incurred for the examination of title, without costs. Thereafter, upon representation of plaintiff's counsel that his client, in any event, wanted the property, the court reconsidered its decision and granted plaintiff a decree in specific performance, but without abatement in the purchase price. Both parties appealed from the judgment entered. While in a proper case specific performance may be decreed, with abatement in purchase price for deficiency in title as to the quantity or quality of the property sold, application of that rule is governed by equitable principles. To direct specific performance herein and to provide for an abatement of the amount required to convert this property into a legal three-family dwelling would deprive the seller of almost half of the consideration to be paid to him and would give to the purchaser a house physically and productively superior to the one she contracted to purchase. The original decision of the trial justice was a proper one. (*Sokolski* v. *Buttenwieser*, 96 App. Div. 18.) On representation of counsel for the plaintiff that his client wanted the property in any event, and in view of the fact that the seller also demanded specific performance, the trial court was prevailed upon to alter its decision to one directing specific performance without abatement. In view of her representation to the court, plaintiff cannot now be heard to complain. Lewis, P. J., Carswell, Sneed and Wenzel, JJ., concur; Johnston, J., dissents, with the following memorandum: I dissent and vote to modify the judgment by (1) striking from the first ordering paragraph the words " the plaintiff being denied any abatement in the purchase price "; (2) adding a provision granting plaintiff an abatement from the purchase price to the extent necessary to pay for the alterations and repairs necessary to obtain a certificate of occupancy; and (3) remitting the matter to the Special Term or to an official referee for the purpose of determining the extent of the abatement in the purchase price to be allowed to plaintiff. It is admitted by the pleadings that on August 8, 1945, plaintiff contracted to purchase and defendant to sell a three-family house for $12,000, payable $500 down, $4,500 on delivery of the deed, and the balance of $7,000 by taking subject to two mortgages. It is conceded that a certificate of occupancy for the use of these premises as a three-family house was required and had not been obtained at the time of the making of the contract. In this action for specific performance, plaintiff-purchaser asked that the cost of the alterations and repairs necessary to obtain the issuance of a certificate of occupancy be ascertained, that plaintiff be allowed an abatement in the purchase price equal to the said amount, or that defendant be directed to obtain such certificate

of occupancy at his own expense, and, only in the event it be found not possible to compel specific performance in any manner, that judgment be entered in favor of plaintiff for the down payment, together with the cost of title search. The trial court originally decided that this was not a proper case for specific performance with an abatement from the purchase price and granted judgment for the return of the deposit, together with the expense of title search, but, before the entry of judgment, changed his determination and granted plaintiff specific performance, without an abatement. The majority of the court is of the opinion that the failure of the vendor to obtain a certificate of occupancy for these premises is such a deficiency in title as to the quality of the property sold as to allow an abatement from the purchase price. With this determination I am in accord. However, the majority refuses abatement to the vendor on the ground that it is inequitable in this case for the reason that at the trial plaintiff's expert testified it would cost " approximately $3,500 " to make the repairs necessary to obtain the certificate of occupancy, an amount disproportionate to the purchase price. With that determination I cannot agree. In the first place, refusal to grant an abatement results in a multiplicity of suits in that the vendee will still have his action to recover the cost of the repairs necessary to obtain a certificate of occupancy as damages for breach of contract. (*Roberts* v. *Larsen,* 264 App. Div. 880, affd. 290 N. Y. 186.) Secondly, if it is inequitable to require the vendor to allow an abatement, the result reached by the majority of refusing an abatement is just as inequitable to the vendee. In my opinion, there is nothing inequitable to the vendor in allowing the abatement. " It is his own fault, if he has assumed an obligation which he cannot fulfill." (Pomeroy's Specific Performance of Contracts [3d ed.], p. 909.) The vendor is not being compelled to convey anything which he did not agree to convey. He agreed to convey, and the purchaser contracted to purchase, a three-family house. In contemplation of law, this meant a legal three-family house. Plaintiff's counsel made no representation to the court which was in any way different or inconsistent with the demand of the complaint, and certainly any statements made by him cannot be construed as a waiver of plaintiff's claim to abatement.