■ LEYETTA CORPORATION et al., Appellants-Respondents, v. TESSIE PETERS et al., Respondents-Appellants.— In the first cause of action pleaded in the amended complaint the purchasers under a contract for the sale and purchase of real property seek to recover on a covenant in the contract which imposes upon the sellers the obligation of clearing violations noted in public offices against the premises at the date of the making of the contract. Notations were filed with the building department of the City of Long Beach more than 15 months prior to delivery of the deed, showing noncompliance with sections 52–55, 57 and 58 of the Multiple Residence Law. The contract was made November 17, 1954; title passed December 17, 1954. Under the Multiple Residence Law (§ 50, subd. 3, as amd. by L. 1953, ch. 810) an owner had until July 1, 1955 to comply with the requirements of said sections. After the passing of title the purchasers made the expenditures necessary to remove the statutory violations noted, and brought this action to recover such expenditures, inter alia, from the sellers. At the trial the sellers contended that no notations of violations existed at the time of the making of the contract and that, in any event, the subject premises consist of a two-story structure, as defined by the statute, and that consequently the matters noted in the public office were not violations. The purchasers appeal from so much of a judgment, entered after trial by the court without a jury, as dismisses the first cause of action, and the sellers appeal from said judgment insofar as it finds that the building was not a basement and two-story structure. Judgment insofar as it dismisses the first cause of action reversed, said cause of action severed, and a new trial granted thereon, with costs to abide the event. Under the covenant the sellers agreed to comply with requirements of law noted in the public offices. This obligation was not nullified by the fact that time for compliance was extended by statute beyond the date of the making of the contract and the delivery of the deed. The evidence fails to establish definitely whether the building on the subject premises is two stories or three stories in height, and it therefore cannot be determined on the present record whether the statute requires the improvements noted in the record which had been filed in the building department of the City of Long Beach. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ PIEBES MOTORS, INC., Respondent, v. HALE MAPLE DEVELOPMENT CORP., Appellant, et al., Defendant.— Appeal from an order of the City Court of White Plains granting respondent's motion to examine appellant before trial and directing that appellant produce certain papers on the examination, for the purpose of enabling respondent to frame its complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.