Aaron W. DODEK, Stanley R. Zupnik and Arthur Bildman, t/a Carroll Associates, Appellants,

v.

Ida Day HUNTER, Appellee.

No. 2915.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 12, 1962.

Decided March 20, 1962.

Theodore Kligman, Washington, D. C., for appellants.

Jacob Stein, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellants filed this action seeking reimbursement for the cost of installing a bathroom in premises purchased from appellee. They contended that she was obligated to perform the work, in order to effect compliance with the District of Columbia Housing Regulations, under the following clause of the sales contract:

"All notices of violations of Municipal orders or requirements noted or issued by any department of the District of Columbia * * * against or affecting the property at the date of the settlement of this contract shall be complied with by the seller and the property conveyed free thereof. This provision shall survive the delivery of the deed hereunder."

In deciding against appellants the trial court held that there had been no breach of contract because the housing authority neither noted nor issued a notice of violation affecting the property prior to the settlement date.

The determination that the property in question required a second bathroom was based upon a housing inspector's report of a "code survey" of the property in February 1960.[1] He found the property contained accommodations for nine people but was occupied by only two, appellee and another person. As the inspector testified at trial, a "code survey" is intended to reveal whether existing facilities of a residence are adequate for the number of available accommodations; it does not consider adequacy in terms of actual use and occupa-

---

1. This was made in the interim between January 13, 1960, the date of the contract of sale, and March 14, 1960, the date of final settlement.

tion. Actual use will be considered and the owner may avoid or be relieved from the finding of a violation by filing with the housing authority an affidavit indicating the number of actual residents and the fact that the additional accommodations are not in current use. Neither of the parties here followed this procedure.

The inspector was accompanied on his tour by appellee whom he informed of several minor infractions. However, he did not advise her of the necessity for another bathroom. Neither did he mention or suggest filing an affidavit of actual use, although he knew that only two persons were occupying the premises. This may have been due to appellee's disclosure that appellants were the new owners of the premises, for the inspector telephoned appellant Dodek a few days later to verify the transfer. In addition, the formal notice of violation, dated May 7, 1960, some weeks after settlement, was addressed and sent to appellant Dodek.

It had been appellants' plan at the time of acquiring the property from appellee to purchase an adjoining lot as well, to raze the buildings situated thereon, and erect something new. Subsequent to the receipt of the notice of violation by appellant Dodek, it developed that appellants were unable to purchase the other lot; consequently, they decided to use the premises in question for apartments, necessitating installation of the additional bathroom. In August 1960, under authority of the contract clause above quoted, they called upon appellee to pay for the work. When she refused, they had the work performed and then instituted this action.

There is nothing in the record to indicate that appellee was informed of the reported bathroom deficiency or that any effort in that direction was made before August 1960, at which time appellant Dodek called the matter to her attention after months of delay. The housing inspector testified that

he had made no mention of the fact while investigating the premises, and the housing authority's formal notice of violation was mailed to and received by appellant Dodek instead of appellee—*after* the settlement date. Yet, appellants argue that the disputed clause is applicable and that timely notice of a violation was noted by the housing inspector's inclusion of the deficiency in a written memorandum prepared during his investigation. It was this memorandum which provided the basis for the later issuance of the formal notice sent to appellant Dodek, and, in this sense, it might be regarded as notice. But the contract clause relates to notice by the District department involved to the responsible party concerned, and it is plain that the inspector's memorandum did not serve, nor was it intended to serve this purpose.[2] We find no error.

Affirmed.

---

2. See Kraft v. Lowe, D.C.Mun.App., 77 A.2d 554 (1950).