**Muriel MEHLMAN, Plaintiff,**

v.

**Eleanor M. CHADWICK, Defendant.**

**Civ. A. No. 1303–63.**

United States District Court
District of Columbia.

Oct. 15, 1964.

Irving B. Yochelson, Grossberg, Yochelson & Brill, Washington, D. C., for plaintiff.

Ralph F. Berlow, Washington, D. C., for defendant.

KEECH, District Judge.

This is an action for specific performance. It grows out of a contract for the

sale by defendant of two pieces of property in the District of Columbia known as 1747–9 Church Street, N.W., one of which had an occupancy permit for apartment use, for the sum of $60,000, settlement to be made in thirty days. The plaintiff is a lady of experience in the real estate field, being a licensed broker, and defendant acted in the transaction through an experienced real estate broker, also licensed under the District law. The contract of sale was executed by the plaintiff on August 21, 1962, and was in the usual form. One of its provisions, peculiarly pertinent to the determination of this action, is the following:

> "All notices of violations of Municipal orders or requirements noted or issued by any department of the District of Columbia or prosecutions in any of the courts of the District of Columbia on account thereof against or affecting the property at the date of this contract and/or up to and including the day of settlement shall be complied with by the seller and the property conveyed free thereof, WITH THE EXCEPTION OF THE MEANS OF EGRESS REGULATIONS. This provision shall survive the delivery of the deed hereunder. Also excepted is the notice of non-compliance of janitor's apartment."

Subsequent to entry into the contract and before date fixed for settlement, plaintiff made, as "owner" of the said premises, an application for an occupancy permit for apartment use. This set in motion an investigation by appropriate District authorities for the purpose of ascertaining whether the said premises complied with existing law. Pursuant to the contract, settlement was fixed for September 21, 1962. Plaintiff appeared, as did the duly authorized agent of the defendant. The deed, executed by the defendant, was lodged with the settlement company. At the settlement plaintiff raised the question of whether any notices of municipal requirements had not been complied with by the seller. Defendant's agent stated that there were no outstanding violations or requirements, whereupon plaintiff called certain representatives of the District of Columbia and ascertained from them that there were some such requirements. Defendant's agent heard one side of the conversation. The record reflects that defendant's agent was advised by plaintiff as to at least part of what was said by Government personnel. The parties agree that no notices resulting from the investigation instigated by the filing of plaintiff's application for occupancy permit had been, as of the settlement date, received by plaintiff or by defendant. Later the notices went to plaintiff.

Defendant's agent testified that plaintiff sought from him, on behalf of defendant, an agreement to assume responsibility for any notices covering requirements of the District authorities received during a period of ninety days after settlement. Defendant's agent refused to do so. After a period of some twenty minutes to half an hour defendant's agent left the settlement office, stating that business could not be done with plaintiff.

The testimony shows that as of May, 1962, official notice was served upon defendant's agent, setting forth certain matters to be complied with, and that the defendant's agent contacted defendant's electrical contractor and his general contractor and directed that the subject conditions be corrected. Defendant's agent testified that he had confidence in the men selected and assumed and believed that they had complied with the directives of the District authorities. The District authorities testified that neither at the time of the sale nor at the date of settlement had compliance been effected as to all of the items listed on the notice of May, 1962. There is no challenge that such notice was properly served.

Defendant-agent did not deny responsibility under the contract, but refused to acknowledge as existing requirements those matters which he believed to be satisfied and those as to which he had no official notice, as well as those falling within a period extending ninety days after the settlement date.

It is clear from the record that plaintiff was not content to proceed within the four corners of the agreement. She sought, as a condition precedent to settlement of the contract of sale, a promise on the part of defendant's agent to assume responsibility for satisfying any requirements of the District of Columbia for the additional period of ninety days.

The defendant contends that the specific provision of the contract heretofore quoted relates to notices by the District to the responsible party concerned and *not* to an inspector's memorandum inspired by plaintiff's premature request, as "owner", for an occupancy permit. In support of this contention, defendant cites the case of Dodek v. Hunter, D.C. Mun.App., 178 A.2d 915; also Kraft v. Lowe, D.C.Mun.App., 77 A.2d 554. Plaintiff contends that notations by the Government without official notice to defendant, if prior to settlement, required compliance by defendant. A determination of these contentions is not required in deciding whether plaintiff is entitled to specific performance.

The court finds that the notice of May, 1962, was duly served on the defendant and was outstanding *in part* at the time of the contract and date of settlement. The court further finds that there was no notice to defendant of any other requirement as to the property, save that which was verbally stated to the defendant's agent, at the settlement, by the plaintiff.

■■ The question for determination as to the specific performance action is whether the plaintiff has shown that she was ready and willing to perform in accordance with the valid contract of August 21, 1962—not a readiness or willingness to do so conditioned upon a supplemental agreement extending for ninety days the period of responsibility. This the plaintiff has failed to do. The court finds that the plaintiff was not ready or willing to perform in accordance with the terms of the agreement but sought as a condition precedent to doing so a supplemental agreement by the defendant-agent acknowledging liability for compliance with any notices coming within ninety days after settlement. The court concludes that the plaintiff was not entitled to condition her readiness and willingness to comply with the contract and that by so doing plaintiff forfeited her right to specific performance of the contract. The court finds that the defendant-agent's departure from the settlement office, after the settlement had been conditioned by the plaintiff and after defendant-agent had filed with the settlement company the deed from the defendant to the plaintiff (which was still with the settlement agency at the time of trial), did not under the circumstances constitute a breach on the part of the defendant-agent. The plaintiff was required to make proper tender in accordance with the terms of the contract in order to prevail in her action for specific performance. The court finds that the plaintiff did not do so, nor does the record show ability on the part of the plaintiff to comply.

■■ The court finds that the defendant had not corrected in toto the conditions noted in the citation of May, 1962; hence plaintiff had a right to refuse to consummate settlement and then had a right to look to the defendant for such damages, in a law action, as the plaintiff may have sustained. The plaintiff could have elected to complete the settlement, and then, under the survival provision of the contract, could have looked to the defendant for such damages as she may have sustained. Neither of these courses did plaintiff elect to take, but sought to exact a supplemental agreement from the defendant-agent whereby the latter would have become liable to the plaintiff for correction of any requirements of the District for a period of ninety days after settlement and delivery of deed. This was made a condition precedent to the execution of the settlement. Plaintiff's failure to settle without such concession by the defendant requires the court to find that the plaintiff was not ready and willing to go forward under the contract—hence not entitled to specific performance.

For the foregoing reasons the complaint for specific performance must be denied, without prejudice to such action as the plaintiff may be advised to bring with reference to damages, if any, that she may have suffered as a result of any breach of the provision quoted hereinbefore. The plaintiff is entitled to return of deposit, inasmuch as defendant had not complied with District requirement of May, 1962, in toto.

The foregoing memorandum shall constitute findings of fact and conclusions of law in this case.

It is therefore, this 15th day of October, 1964,

Ordered That the complaint be, and the same is hereby, dismissed; and it is

Further ordered That defendant return to plaintiff the deposit of $1,000.