## (January 30, 1967)

■ BEN GROZALSKY et al., Appellants, v. SHIRLEY SCHWARTZ, Respondent. — Order and judgment of the Supreme Court, Kings County, dated January 18, 1966, and February 1, 1966, respectively, affirmed, with one bill of $10 costs and disbursements. (*Century Dev. Co.* v. *Halbrecht*, 279 App. Div. 752; *Radel* v. *134 West 25th St. Bldg. Corp.*, 222 App. Div. 617, app. dsmd. 249 N. Y. 615; *Salsone* v. *Sanzone*, 212 N. Y. S. 2d 492; *Wind* v. *Healy*, 147 N. Y. S. 2d 562.) Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the order and judgment and to deny defendant's motion for summary judgment, with the following memorandum: As this was a motion for summary judgment, it must of course be denied if either the complaint or the affidavits raise an issue for the trial court. In this action for specific performance of a contract to sell real property it is undisputed that there was a representation by defendant seller that she was "receiving" certain rents from tenants in the building. In my opinion, this was a representation that those rents were the legal rents for those apartments. If it had not been so intended, the seller should have specifically so stated. It appears that the rents allegedly "received" were not in fact the legal rents, as the apartments had been registered with the Rent Commission at lower rents. In addition to the aforesaid representation, defendant seller agreed, as part of the consideration for the sale, that she would lease one of the apartments from plaintiffs buyers at a rent of $65 per month. Plaintiffs contend that this apartment was controlled, had a registered rent of $46 and could not be decontrolled for some eight months. It seems clear to me that plaintiffs would be entitled to some relief from the court if they established the foregoing facts at trial. Just what that relief would be cannot now be determined, as equity speaks as of the date of its decree, not the date suit was started. If it were to be shown at trial that defendant has a subsisting contract to sell the subject premises to an innocent third party who entered into that contract without knowledge of

plaintiffs' rights, it may be that plaintiffs would not be entitled to specific performance (see *Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257, 260). On the other hand, if at trial it should appear that the property is under contract of sale to a third party who had knowledge of plaintiffs' rights or that it is not then under contract of sale, plaintiffs may well be entitled to specific performance with an abatement of the purchase price, since that relief is available in equity where there is a "deficiency in title as to the quantity or quality of the property sold" (*Kaloumenos* v. *Bottaccio*, 273 App. Div. 907). *Kaloumenos* is enlightening on this point. In that case the plaintiff contracted to buy a three-family house. After the contract was made it appeared that the seller could not obtain an occupancy certificate for use of the building as a three-family house and that extensive alterations were needed to legalize the building for that use. The buyer sued for specific performance, with an abatement of the purchase price in the amount needed for those alterations. The trial court denied specific performance, but directed the seller to return the buyer's deposit plus his title examination expenses. On the buyer's representation that he wanted the property in any event, the trial court reconsidered its decision and granted specific performance, but without an abatement in price. On appeal this court, by vote of four to one, affirmed the judgment. However, the majority said, *inter alia*, that the *original* decision of the Trial Justice (directing return of the buyer's deposit and title search expenses) had been a proper one; and it refused to grant an abatement of the purchase price only because the amount required to convert the house to a legal three-family house "would deprive the seller of almost half of the consideration to be paid to him and would give to the purchaser a house physically and productively superior to the one she contracted to purchase." The dissenting Justice (JOHNSTON, J.) agreed with the majority's view that the lack of an occupancy certificate for a three-family house was "such a deficiency in title as to the quality of the property sold as to allow an abatement from the purchase price"; but he disagreed with the majority's conclusion that abatement would be inequitable to the seller, noting that the refusal of an abatement was inequitable to the buyer. *Radel* v. *134 West 25th St. Bldg. Corp.* (222 App. Div. 617, app. dsmd. 249 N. Y. 615 on the ground that the order appealed from was nonfinal) was very similar to the case at bar. In *Radel* a vendee sued for specific performance, with an abatement of the purchase price because the true rents were lower than those represented by the vendor. The Appellate Division, First Department, by vote of four to one, held that specific performance with abatement of price is not available in such case, mainly on the theory that a representation as to rents is collateral to the subject matter of the contract. O'MALLEY, J. (p. 618) dissented with a brief but forceful opinion with which I heartily agree. *Inter alia*, he said the following: "Here the representation was not collateral to, but a part of the contract. Under present-day conditions when the value of property * * * is based largely upon its income-producing power, equity should assume jurisdiction and decree specific performance with abatement in the circumstances here disclosed (3 Williston Cont. § 1436; Pom. Spec. Perf. [3d ed. 1926] §§ 436, 441.)" Even if we were to assume *arguendo* that plaintiffs are in no event entitled to specific performance, either with or without abatement, it was still improper to grant summary judgment for defendant. The complaint demands damages as alternative relief, if specific performance cannot be granted. If plaintiffs were to prove what they allege in their complaint, bill of particulars and affidavit, they would seem to be entitled at the very least to the return of their deposit and the expenses of their title search (see *Kaloumenos* v. *Bottaccio*, 273 App. Div. 907, *supra*). They may or may not be entitled to

the other items of damages claimed in their bill of particulars; and their demand for damages in the complaint may be excessive; but that does not justify dismissal of their complaint (*Stoehrer* v. *Sattler*, 18 A D 2d 683). For all these reasons I think the summary dismissal of the complaint was improper and a plenary trial of the issues should be had.