Martha Zelman, J.
Plaintiffs Stanley Young and. Dorothy Young (hereinafter referred to as Purchasers) and defendants Sidney Karol and Mildred Karol (hereinafter referred to as Sellers) entered into a contract May 18, 1974 to purchase a one-family home located at 64-22 215 Street, Bayside, Queens.
The premises were supplied with a. septic tank, and although a public sewer system had been available, said premises were not connected to same. The leaders and gutters of the premises direct rain water onto the ground and are also concededly not connected to a public storm sewer.
The Building Code of City of New York (Administrative Code of City of New York, § C26-1600.6, subd. [e], par. [11, cl. a) provides that the drainage system ‘ ‘ from any building * * * shall be connected * * * to a public [sewer system] if * * * available ”. Section C26-16Ó2.2 of the Administrative Code requires existing buildings to connect to newly available public sewer system within one year after they are made available. Section D26-16.03 Of the Administrative Code requires that: “ a. The owner of a dwelling * ■* * shall provide and maintain unobstructed drainage from these "areas and spaces through a drain, connected to a street storm-water main of combined sewer and street storm-water> main.” (Emphasis supplied.) Failure to comply is subject to a criminal penalty under section D26-52.01. Therefore, the requirement of the law is specific: a storm hookup to a city sewer system is mandatory.
Defendants, while conceding that there was no hookup to a sewer for sanitary and storm purposes, allege that there was no breach of contract. Defendants rely on interpretation of a clause in the contract reading: “ All notes or notices of violations of law or municipal ordinances, orders or requirements, noted in or issued by.Departments of Buildings, Fire, Labor or State or Municipal Department having jurisdiction against or affecting premises at date hereof, shall be complied with by Seller and premises shall be conveyed free of same and this provision of this contract shall survive delivery of deed hereunder.”
Defendant here claims there was no breach, of contract since these violations were not recorded. It is true that there is authority construing the contract clause (as quoted) holding that the notes or notices of violations of State or municipal law, and regulations must exist of record at time of contract or sale. before Seller will be rendered liable for damages. (Northern Props. v. Kuf Realty Corp., 30 Misc 2d 1; see Hattman v. 212-214 *72 South Ninth St. Corp., 147 N. Y. S. 2d 552; Montkane Funds v. Ruff, 57 N. Y. S. 2d 208.)
If defendants Sellers are aware of the violation at the time of the contract, this allows the defendants to deal in bad faith. The issue raised in the instant case is query “ Was there fraud in the inducement of the contract? ” Plaintiffs Purchasers alleged sale was brought about by Warren Hein, a licensed real estate-broker, who acted as ian agent for the Seller. Mr. Hein represented to the Purchasers Young that the house had certain specifications, amongst them a sewer system. Mrs. Young testified loud and clear that she was looking only for a house that had a public sanitary and storm system, and she would not have bought a house without same. Mr. Hein stated that his principals, the defendants, advised him that the house had a sewage system. A contract is to be enforced according to its terms. The court must examine the contract and determine and give effect to what the parties intended.
“ An agent empowered to sell property is presumed to possess the right to make such representations regarding the condition and quality of the subject of the sale as usually accompanies such transactions.” (Angerosa v. White Co., 248 App. Div. 425, 427, affd. 275 N. Y. 524.)
“ An agent authorized to sell property, in the absence of any express limitations of his powers, is authorized to * * * make any declaration in regard to the property * * * necessary to effect the sale thereof, and * * * usually incidental thereto; and that declarations thus made * * * if within the scope of his authority, are binding upon his principal ”. (See Reynolds v. Mayor, Lane & Co., 39 App. Div. 218, 220.)
In the within case, the defendant had full knowledge that his home was not hooked ap to the available public sewer system. The defendants actively concealed the type of sewage system. It was a positive act of hiding information from the Purchaser and furnishing wrong information to his agent. Such conduct is generally treated as fraud.
It is the opinion of this court that there must be a re-evaluation of standards to make the law more “just”. The defendants were fully aware of the violations of the Building Code, they did not need to have them recorded to be put on notice. They cannot now hide behind the fact that the Building Department had not caught up with them and recorded the violation. More and more, the court must be influenced in its decision by the recognition of the fact that the contract before the court is not *73 “ one ” in a million but is “ one ” of a million. That is the “ N factor ” or the number of times this particular problem is likely to arise and come before the court.
Judgment for plaintiffs in the sum of $2,850.