Memorandum. Judgment unanimously reversed, without costs, and complaint dismissed.
Plaintiffs, the purchasers of real property from defendants, have brought an action for damages for breach of contract and fraudulent misrepresentation in connection with the purchase. Judgment was awarded to plaintiffs after trial (Young v Karol, 80 Misc 2d 70) and the instant appeal has been taken by the defendants therefrom.
The burden of proof was upon the plaintiffs to establish their case by a fair preponderance of the evidence, and this burden was not adequately met by a showing that the defend *860 ants were in violation of a provision of the city’s building code by failing to connect the dwelling on the subject property to the city’s sewer system. It was incumbent upon the plaintiffs to prove that the violation was one of record or that the defendants had received a notice thereof (see Montkane Funds v Ruff 57 NYS2d 208, affd 269 App Div 1021; Northern Prop v. Kuf Realty Corp., 30 Misc 2d 1, 3; Hattman v 212-214 South Ninth St. Corp., 147 NYS2d 552, 554; cf. Leyatta Corp. v Peters, 3 AD2d 724; Rosenthal v West, 274 App Div 442, 444-445; Horby Realty Corp. v Yarmouth Land Corp., 67 NYS2d 525, mod. 270 App Div 696; Harlank Realty Corp. v Rosenstock, 154 NYS2d 95).
Nor was the evidence sufficient to establish that there was a deliberate and fraudulent misrepresentation by the defendants with regard to whether the dwelling was connected to sewers (cf. Danann Realty Corp. v Harris, 5 NY2d 317, 320; De Bell v Nothnagle Florida Realty Corp., 24 AD2d 825; see 24 NY Jur, Fraud and Deceit, § 140). Furthermore, it is of the utmost significance that there was no reliance by the plaintiffs on a misrepresentation to their damage. It is clear from the record that the plaintiffs knew at the closing that there was no sewer connection and that they proceeded to close without seeking to make any reservations in this respect (cf. Staff v Lido Dunesr 47 Misc 2d 322, 326-327). Accordingly, since they had knowledge of the true facts, they cannot now claim to have relied upon a misrepresentation of those facts (24 NY Jur, Fraud and Deceit, § 161).
Concur — Groat, P. J., Margett and Rinaldi, JJ.