■ LEO A. LARKIN, as Corporation Counsel of the City of New York, et al., Appellants, v. G. P. PUTNAM'S SONS, Respondent.— Judgment entered on August 27, 1963 dismissing the complaint in this action for an injunction and other relief pursuant to section 22-a of the Code of Criminal Procedure, reversed on the law and the facts and judgment is directed to be entered in favor of the plaintiffs for the prayed for relief. The question here is not what our preference would be with respect to permitting the publication, distribution and sale of this book, but rather whether the statute under consideration — without offending the Constitution of the United States, or that of the State of New York — prohibits such publication, distribution and sale. We think it does. It would serve no useful purpose to attempt here to set forth the standards by which a book should be judged. The guidelines have been laid down by the United States Supreme Court and our Court of Appeals. (*Roth* v. *United States*, 354 U. S. 476; *People* v. *Richmond County News*, 9 N Y 2d 578.) Giving full consideration to those standards we conclude

that this book does come within the proscriptions of section 22-a and that the injunction asked for would not be violative of the State or Federal Constitutions. The injunction should therefore be granted. In our opinion, the book, as a whole, does treat "with sex in a manner appealing to prurient interest" (*Roth* v. *United States, supra,* p. 487) thus coming within the boundaries "of any permissible definition of obscenity under the United States Constitution" (*People* v. *Richmond County News, supra,* p. 586) and does meet the more stringent "hard-core pornography" test essential to a finding of obscenity under our State statutes (*People* v. *Richmond County News, supra,* p. 586). This book is essentially an uninterrupted series of minutely detailed descriptions of sexual adventures — many of them abnormal and involving acts of perversion — with nothing more. The passages of the book that are not directly concerned with such matter are merely brief introductions necessary to set the stage for each succeeding adventure. This is not the situation where the "erotic passages are submerged in the book as a whole and have little resultant effect" (*United States* v. *One Book Entitled Ulysses,* 72 F. 2d 705, 707). To the contrary, it is the inconsequential and almost nonexistent nonerotic passages that are so submerged. Nor is this book less obscene by reason of its having been well written or the absence of patently offensive words. Despite these "redeeming" features — and this book needs more for its ultimate redemption — we conclude that it is "obscene". If the laws governing such material are to have any meaning at all, this book must fall within their proscriptions. Concur — Rabin, McNally and Eager, JJ.; Botein, P. J., and Breitel, J., dissent in a dissenting memorandum by Breitel, J.: A reading of the book in suit establishes that reasonable men could disagree as to whether it has redeeming social value rendering unconstitutional its suppression. A reading of the record establishes that reasonable men of distinction in the field of literature and scholarship find redeeming social value in the book. Particular emphasis is placed upon the historical and sociological-historical interest of the book with only passing comment that it happens to be well written. The book, or rather, the potential readership of the book, is entitled to the benefit of the doubt in the application of a censorship statute under constitutional standards. Thus, it is inconsequential whether an individual or an official finds only obscenity in the book or that even a primary motivation two centuries ago was a purveying of obscenity. The test must be objective if constitutional standards are to be applied. In *People* v. *Richmond County News* (9 N Y 2d 578, 588) Judge FULD, on behalf of the Court of Appeals, said "Basic principles of jurisprudence, however, command us to put to one side all personal predilections, including our distaste for commercial exploitation of sensuality. It is our conclusion that the magazine, appraised as objectively as is possible in the light of First Amendment concepts, may not be adjudged obscene without impairing the vital social interest in freedom of expression". Without question the republication of this book does not involve the kind of hard-core pornography so easily recognized in cases like *People* v. *Finkelstein* (11 N Y 2d 300, cert. den. 371 U. S. 863 [1962]). Accordingly, the judgment dismissing the complaint should be affirmed. Settle order on notice. [40 Misc 2d 28.]