Per Curiam.

Petitioner Mobil Oil Corporation brings this summary holdover proceeding to recover possession of a gasoline station from the respondent dealer, pursuant to a contractual option to terminate the lease and retail dealer agreement. Respondent alleges, as an affirmative defense,, inter alia, that the petitioner sought to fix and control the retail price of gasoline through means of coercion, which took the form of threatened cancellation of ,his lease. At the trial, respondent raised the additional issue that he was coerced by means of comparable threats, into purchasing tires, batteries and accessories (TEA) designated by petitioner.
Such attempts at retail price-fixing and compulsory purchase of a lessor’s TEA have been held to violate the antitrust laws (see Atlantic Refining Co. v. Federal Trade Comm., 381 U. S. 357; Federal Trade Comm. v. Texaco, 393 U. S. 223; Lessig v. Tidewater Oil Co., 327 F. 2d 459; Broussard v. Socony Mobil Oil Co., 350 F. 2d 346). In Lessig v. Tidewater Oil Co. (supra), the court specifically found that the termination of a gasoline station lease was unlawful, even though in exercise of a contractual right, where the termination was occasioned by the lessee’s refusal to set the retail price of1 gasoline as directed by Tidewater and to purchase TEA designated by it. In view of these holdings, it is our opinion that the defense proffered by respondent is a viable one.
This determination of viability is supported by the doctrine of retaliatory eviction, as set forth in Edwards v. Habib (397 F. 2d 687, cert. den. 393 U. S. 1016). There it was held that a court should not lend itself to the enforcement of a right to evict where the purpose of exercising the right is an illegal one. While in Edwards the eviction was in retaliation for tenant’s reporting of housing violations, a retaliation for a refusal to co-operate in a scheme that has as its object the violation of antitrust laws, is no less unlawful. On a broader basis, public policy would militate against enforcing a contractual right where it is being exercised in furtherance of an illegal end. In L’Orange v. Medical Protective Co., (394 F. 2d 57) it was held that public policy would preclude upholding the cancellation of an insurance policy, even though there existed a contractual right to do so, where the cancellation was exercised for the purpose of coercing and intimidating the insured (a dentist) as a witness in a pending and in future lawsuits.
We also hold that the Civil Court is not deprived of jurisdiction to hear and resolve the issue, although, since the instant proceeding is limited solely to the award of possession, its *964 determination will not have res judicata effect (Mohar Realty Co. v. Smith, 46 Misc 2d 849; see, also, 1966 Commentary to CCA, § 204 in McKinney’s Cons. Laws of N. Y. Book 29A).
Finally, in view of the unrebutted testimony that a harmonious relationship existed between petitioner and respondent dealer until the latter’s refusal to set his gasoline prices as directed, and to purchase the designated TBA, the finding of the court below upholding the defense interposed, should not be disturbed.
The final judgment, in favor of respondent, is affirmed, with $25 costs.
Groat, P. J., and Schwartzwald, J., concur.