Irving S. Aronin, J.
Respondent in this nonhousing holdover proceeding instituted for an alleged breach of lease, seeks in this preliminary motion to dismiss the petition on the ground that this court lacks jurisdiction over the subject matter.
In urging dismissal on jurisdictional grounds respondent propounds two arguments, the first being that the relationship between the parties herein transcends that of lessor-lessee and is one of franchisor-franchisee, and therefore not the subject for summary proceedings and, the second being that the Federal Energy Administration Regulations promulgated in light of the gasoline energy crises divests this court of jurisdiction over the subject matter.
The issues to be determined, therefore, are whether the relationship between the parties herein is that of lessor-lessee or franchisor-franchisee, and, if the relationship is that of franchisor-franchisee whether the court is divested of jurisdiction, and, whether the enactment of the aforesaid Federal regulations supercede local and State laws and may only be the subject of Federal jurisdiction.
The respondent in urging the proposition that the instant relationship between the parties transcends that of lessor-lessee to one of franchisor-franchisee places heavy reliance upon Mobil Oil Corp. v Rubenfeld (72 Misc 2d 392, aifd 77 Misc 2d 962); Texaco v A. A. Gold Inc. (78 Misc 2d 1050); and Shell Oil Co. v Marinello (120 NJ Super 357).
A careful reading and analysis of the afore-mentioned cases fails to elicit any substantiation that they are dispositive of the issures herein. Nor does there exist any similarity in the relationship between the parties herein to those described in the afore-mentioned cases.
For the relationship of franchisor-franchisee to exist there must be a contractual relationship under which the franchisee is granted, in return for certain fees, the right to market franchisor’s goods, or services under franchisor’s trade name, trademark or service mark, in accordance with tested uniform procedures and methods prescribed by franchisor and is to receive continuing assistance from the franchisor in the form of operational guidance, co-ordinated advertising, research and development, quality purchasing, training and education and other specialized management resources. (See Mobile v Rubenfeld, supra.)
The various documents submitted herein as exhibits by *419 petitioner describing the relationship between the adverse parties in no way conforms to the definition of a franchisor-franchisee. The documents clearly sustain the petitioner’s position of a contractual relationship of lessor-lessee only and there can be no question that such a relationship is not in any way transcended.
To conclude from a reading of all of the afore-mentioned cases, including the case of Division of Triple T Serv. v Mobil Oil Corp. (60 Misc 2d 720), that respondent is in a similar or related circumstance as therein described would indeed be an exacerbated exercise in overreaching.
The relationship of the parties in the cited cases dealt with oil company agreements and situations wherein an oil company was directly involved in plying all its own wares, materials and gasoline. Here, the submitted documentation clearly establishes a lessor-lessee relationship. We are not herein dealing with a corporate giant joisting its power and will on an unwitting individual.
In fact in paragraph 34 of the agreement between the parties herein there is a specific reference to the right of the lessor to designate or change suppliers. In addition there is absolutely no requirement that the respondent purchase tires, batteries, accessories or other wares or services from petitioner or its designees. The amount of gasoline sold by respondent is important only for the purpose of determining the additional rental due petitioner. An arrangement such as this is not unusual in such leases and falls far short of the factors requisite to creating a franchisor-franchisee relationship.
In Mobil Oil Corp. v Rubenield (72 Misc 2d 392, affd 77 Misc 2d 962, supra), the lower court decision after a scholarly analysis of "franchises” determined that the relationship there between the parties under a sublease and a retail dealer agreement transcended that of lessor-lessee to that of franchisor-franchisee, further ground that the proceeding instituted was retaliatory in nature resulting from the refusal of the dealer to be coerced into illegally fixing gasoline prices or to buy accessories in violation of Federal anti-trust laws. This however was determined on the merits and not on jurisdictional grounds. In fact, the Appellate Term in affirming, while remaining silent on the lessor-lessee or franchisor-franchisee issue, referred to the retaliatory nature of the proceeding and clearly enunciated the principle that the Civil Court has *420 jurisdiction in a proceeding involving possession of real property even if the relationship between the parties is that of franchisor-franchisee. It would appear that when the issue to be determined is possession, as here, it is of little moment whether the relationship is lessor-lessee or franchisor-franchisee.
The Texaco v A. A. Gold Inc. (78 Misc 2d 1050, 1054, supra) case, an action in ejectment, rejected completely the theory of a franchisor-franchisee relationship as sufficient to deny the relief requested therein stating that "the syllogistic semantics engaged in by various courts to establish rights in the lessee franchisee’s behalf other than those he contracted for are based upon the premise that he was the weaker party, at the mercy of the large, ruthless corporation.” The court went on to further state (p 1054): "It is not its [the court’s] function to guarantee every businessman’s success in his enterprise, or to protect him from entering into improvident or ill-advised contracts, or to relieve him from contracts freely negotiated, that prove to be onerous * * * subject only to the obvious limitation of legality, fraud and lack of capacity.” (See, also, Graf v Hope Bldg. Corp., 254 N Y 1.)
Furthermore, the fact that in the afore-mentioned Texaco case, the action was one in ejectment does not preclude a party from instituting summary proceedings such as herein.
Our State, until the Legislature creates a one-court jurisdictional system of justice has numerous areas of overlapping jurisdiction.
In Shell Oil Co. v Marinello (120 NJ Super 357, supra), that case recited the historical inequities existing in the relationship between giant oil companies and their operators, who more often than not are denied right of counsel and who are subjected to the whim and caprice of the evolving tentacles of big business.
In Division of Triple T Serv. v Mobil Oil Corp. (60 Misc 2d 720, supra), an action under the Uniform Commercial Code and Federal statutes by a lessee for a permanent injunction, the court therein held that absent legislation by State, or showing of bad faith in termination of a franchise so as to render it unconscionable, oil company was allowed to terminate, without cause, distributorship with franchisee pursuant to contract.
In all the cases cited where the relationship between the parties was held to be that of franchisor-franchisee, there *421 existed two agreements, a lease and a dealer agreement, a fact nonexistant in the present matter before this court. The agreement herein is simply the usual agreement between a lessor-lessee.
This court finds it difficult to accept that respondents seriously consider the holdings in the three afore-mentioned cases as dispositive of the jurisdictional issue it presented and urged this court to accept. The sole similarity would appear to be that all are somewhat affiliated with the gasoline field.
Therefore, respondent’s first contention is without substance.
A careful reading of the Federal Register and that portion of the volume 39, No. 191 Federal Register (p 35512, § 211.9[c]) relied on by respondent, fails to support the position that this court lacks jurisdiction over the subject matter. That part of the section referred to states: "(c) Changes in ownership or brand. The supplier/purchaser relationships required by this part shall not be altered by (1) changes of ownership or right of possession of the real property on which a wholesale purchaser or end-user maintains its on-going business or end use; or (2) changes in the brand or franchise under which a wholesale purchaser-reseller maintains its on-going business.” There is no indication to warrant the position that contractual rights and obligations under a lease cannot be enforced in this court. The Federal rules and regulations protect a purchaser and permits him even if he loses his right to possession to remain a purchaser and to be supplied at any other location. Furthermore, as indicated in the letter from the Federal Energy Office which letter was directed to the attorney for the respondent, it was clearly stated that the afore-mentioned section did not refer to the relationship such as existed between the parties herein since the direct supply contract herein is between the petitioner and the oil company, not the petitioner and the respondent. The aforesaid rules were never intended to apply to a relationship as exists between the parties herein.
Furthermore, New York courts are not disqualified from cases merely because determination may involve construction of Federal cases or statutes (Doherty v Meisser, 66 Misc 2d 550). (See, also, Larkin v Putnam’s Sons; 40 Misc 2d 28, revd 20 AD2d 702, revd 14 NY2d 400; Central Savings Bank in City of NY v City of New York, 280 NY 9.)
The Federal rules enacted do not proscribe sole jurisdiction *422 in matters involving their rules in the Federal courts. Leases, agreements, tenancies still may be determined in this court and therefore, this court is not precluded under the new Federal rules from exercising jurisdiction over such matters.
Accordingly, respondent’s motion is denied. An answer to the petition herein is to be served within five days of the service of a copy of this order.